UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN M. HECKEL, <br><br> Plaintiff. <br><br> v. <br><br> L.L. BEAN, INC., <br><br> Defendant. | Civil No. |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Katheen M. Heckel (referred to as Plaintiff) by and through her attorneys Preti, Flaherty, Beliveau & Pachios, LLP and complains of Defendant L.L. Bean, Inc. as follows:

## PARTIES

1. Plaintiff Kathleen M. Heckel is a resident of Belmont, County of Gaston, State of North Carolina.

2. Defendant L.L. Bean, Inc. is a Maine corporation with a principal place of business located in Freeport, County of Cumberland and State of Maine.

## JURSIDICTION AND VENUE

3. The United States District Court for the State of Maine has jurisdiction over this action pursuant to 28 U.SC. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and there is diversity of citizenship between the parties.

4. Venue is proper pursuant to 28 U.S.C. §1391 because the events occurred within the District of Maine and because Plaintiff's claim arises out of real estate located in Freeport, Maine.

5. The Court has personal jurisdiction over the Defendant, as Defendant is a Maine corporation and because Plaintiff's claims arise out of tortious conduct committed by Defendant within the State of Maine.

6. There exits between the parties an actual controversy that is justiciable in nature.

## BACKGROUND FACTS

7. On or about October 2, 2021, Plaintiff Kathleen M. Heckel traveled to Defendant L.L. Bean, Inc.'s flagship store in Freeport, Maine in order to make a return.

8. Upon arrival at Defendant L.L. Bean, Inc. in Freeport, Maine, Plaintiff parked her vehicle in a designated parking lot on the Defendant's premises and proceeded to enter the property in order to make her return.

9. Prior to making her return, she went to the ladies' room where she noticed that there was a great deal of water on the floor.

10. After exiting the ladies' room, she proceeded in the direction of the Returns Department for the L.L. Bean, Inc. store in Freeport, Maine.

11. As she was walking toward the Returns Department of Defendant's premises, her right foot slipped out from underneath her because of the dangerously slippery condition of the floor of the Defendant's store.

## COUNT I
## NEGLIGENCE

12. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully recited herein.

19596989.1

13. At all times relevant to the events set forth in this Complaint, Defendant L.L. Bean, Inc. was the owner of commercial real estate located in Freeport, Maine, containing its flagship retail store.

14. In the exercise of reasonable care, Defendant should have undertaken appropriate steps to discover and eliminate dangerous conditions within its store, which conditions presented an unreasonable risk of injury and harm to its retail customers.

15. The conditions of the floor in Defendant's retail premises were unreasonably slippery and Defendant knew or should have known of the conditions.

16. Plaintiff's fall and injuries at Defendant's flagship store on October 2, 2021, was caused by the negligence of Defendant, L.L. Bean, Inc. in failing to maintain its premises, in a reasonably safe condition in order to avoid injury to the customers of the Defendant's retail premises.

17. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries to her body and will continue to expend sums for medical care and treatment, has experienced and will continue to experience great physical and emotional pain and suffering and loss of enjoyment of life, and has suffered and will continue to suffer a loss of earnings and loss of earning capacity.

WHEREFORE, Plaintiff demands judgment against the Defendant, L.L. Bean, Inc. for compensatory damages, interest, costs and such other and further relief as the Court deems just and equitable.

## COUNT II
### *RES IPSA LOQUITOR*

18. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully recited herein.

19. At all times relevant, the Defendant's retail premises in Freeport, Maine were under the Defendant's exclusive ownership, control, operation and management.

20. In the ordinary course of events, the event in which Plaintiff fell and suffered serious bodily injuries would not have occurred in the absence of negligence and carelessness on the part of Defendant.

21. Except for the negligence and carelessness of Defendant in the maintenance of its store premises, including vigilant and regular inspection of the store premises in order to discover and eliminate dangerous floor conditions, there are no other possible causes for the incident of October 2, 2021, including any conduct of Kathleen M. Heckel or any other third parties.

22. Except for the negligence and carelessness of the Defendant in failing to maintain its store premises in a safe condition, there are no other possible causes for the incident of October 2, 2021, including any conduct of Kathleen M. Heckel or any other third-party.

23. As a direct and proximate result of this event, Plaintiff Kathleen Heckel suffered bodily injuries, damages and loss.

WHEREFORE, PLAINTIFF Kathleen M. Heckel prays for judgment against Defendant L.L. Bean, Inc. in such amount as the Court deems just and appropriate, together with costs, interests and disbursements.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

19596989.1

DATED at Portland, ME this 7th day of November 2022.

/s/ Jeffrey T. Edwards
Jeffrey T. Edwards, Esq.
Attorney for Plaintiff Kathleen M. Heckel

Preti Flaherty Beliveau & Pachios LLP
One City Center
P.O. Box 9546
Portland, ME 04112
207.791.3000
jedwards@preti.com

19596989.1